```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA
```

GREGORY O'DELL,

    Plaintiff,

v.                           Civil Action No. 2:13-12894

ZURICH AMERICAN INSURANCE COMPANY,

    Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

Pending is the motion to conduct discovery, filed by the defendant, Zurich American Insurance Company ("Zurich"), on September 23, 2013.  The plaintiff, Gregory O'Dell ("O'Dell"), filed his response on September 26, 2013, and Zurich filed a reply on September 27, 2013.

I.

A.

Beginning in 1997, O'Dell was employed as a maintenance supervisor at the American Electric Power plant in Langsville, Ohio.  Compl. ¶ 3.  During the course of his employment, he purchased a long-term disability insurance policy (the "Policy") which was underwritten by Zurich.  <u>Id.</u> ¶¶ 2-4.

On September 29, 1999, O'Dell suffered injuries as the result of a motor vehicle accident and was thereafter unable to

return to work. Id. at ¶¶ 8-10. O'Dell exhausted the short-term disability benefits available to him, id. at ¶ 13, and, later, submitted a claim for long-term benefits under the Policy on July 7, 2003, Joint Stipulation ¶ 9.

Zurich denied O'Dell's claim for long-term disability benefits by letter dated March 16, 2004. Admin. Rec. at 139-40; see also Joint Stipulation ¶ 10. The letter stated that Zurich did not consider O'Dell's disability to be solely the result of the motor vehicle accident, but rather the product of pre-existing conditions and injuries not covered by the Policy. Admin. Rec. at 139. The denial of benefits relied in part on a review of O'Dell's medical history performed by Dr. Gerard Catanese. Specifically, Dr. Catanese opined that O'Dell's back pain was caused by spinal disease which predated the motor vehicle accident, that O'Dell's carpal tunnel syndrome was on the opposite side from the accident impact and was not caused by trauma from the accident, and that there was no proof that O'Dell's dizziness and ringing of the ears were caused by the accident. Id. at 145. Dr. Catanese's report and conclusions are included in the administrative record filed in this case on September 9, 2013.

B.

O'Dell initiated this action on May 31, 2013. He challenges Zurich's decision to deny him benefits under Section 1132(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. (2006), which permits a plan beneficiary to bring a civil action to, among other things, recover benefits due under a plan.

In its motion, Zurich seeks permission to conduct a deposition of Dr. Catanese. Although Zurich does not dispute Dr. Catanese's findings, Def.'s Mot. to Conduct Discovery ¶ 11, it contends that the deposition will allow both parties an opportunity to more fully explore the basis for Dr. Catanese's medical conclusions, id. ¶¶ 11-12.[1] O'Dell opposes the additional deposition, asserting quite simply that Zurich is attempting to "stack the" evidentiary "deck" against him by

---

[1] The court's scheduling order dated August 9, 2013 directed that any motion seeking discovery was to be filed on or before September 23, 2013, and was to set forth the legal basis for the request. Although the motion to conduct discovery was timely filed, the court notes that Zurich's motion sets forth no legal basis whatsoever for its request. Rather, Zurich implies that it intends at some point to file a motion for summary judgment, and notes that Rule 56 of the Federal Rules of Civil Procedure requires a party seeking summary judgment to support its factual assertions by reference to something more than the pleadings. Id. ¶¶ 9-10. Nevertheless, the court will consider the request under the applicable legal framework discussed, infra, in Part III.

supplementing the existing documentary record. Pl.'s Opp'n at 1.

## II.

"[A] denial of benefits challenged under § 1132(a)(1)(B) is to be reviewed under a de novo standard unless the benefit plan gave the administrator or fiduciary discretionary authority to determine eligibility for benefits or to construe the terms of the plan." Firestone Tire & Rubber Co. v. Bruch, 489 U.S. 101, 115 (1989). If the administrator or fiduciary is vested with discretionary authority, then the proper standard of review is much narrower, and asks only whether the administrator or fiduciary abused that discretion. Id.

The applicable standard of review is particularly important to the resolution of the pending motion because it controls the court's ability to consider evidence that was not presented to the plan administrator or trustee. Compare Quesinberry v. Life Ins. Co. of N. Am., 987 F.2d 1017, 1025-27 (4th Cir. 1993) (en banc) (holding that courts conducting de novo review of ERISA benefits claims may consider extrinsic evidence under certain "exceptional circumstances"), with Sheppard & Enoch Pratt Hosp., Inc. v. Travelers Ins. Co., 32 F.3d 120, 125 (4th Cir. 1994) (holding that courts conducting

4

review under abuse of discretion standard should consider only evidence presented to administrator or fiduciary).

O'Dell notes that a de novo standard generally applies in ERISA review cases and "submits that the record is adequately developed and sufficient to allow the [c]ourt to conduct a fair and complete de novo review." Pl.'s Opp'n at 1. Zurich apparently concedes that the de novo standard should apply. See Def.'s Reply ¶ 8 ("[T]he Defendant recognizes that, according to [Firestone Tire & Rubber], the [c]ourt is to conduct a de novo review of the underlying record.").

### III.

The principal case in this circuit for determining the propriety of considering extrinsic evidence in the midst of a de novo review is Quesinberry v. Life Insurance Co. of North America, 987 F.2d 1017, 1025-27 (4th Cir.1993). In that case, our court of appeals held that "courts conducting de novo review of ERISA benefits claims should review only the evidentiary record that was presented to the plan administrator or trustee except where the district court finds that additional evidence is necessary for resolution of the benefit claim." Id. at 1026-27.

5

The court of appeals in Quesinberry went on to provide an illustrative though not exhaustive list of "exceptional circumstances that may warrant an exercise of the court's discretion to allow additional evidence." Id. at 1027. For example, a district court may allow additional evidence if the case involves "consideration of complex medical questions or issues regarding the credibility of medical experts; the availability of very limited administrative review procedures with little or no evidentiary record; the necessity of evidence regarding interpretation of the terms of the plan rather than specific historical facts; instances where the payor and the administrator are the same entity and the court is concerned about impartiality; claims which would have been insurance contract claims prior to ERISA; and circumstances in which there is additional evidence that the claimant could not have presented in the administrative process." Id. at 1026.

Nevertheless, the court of appeals was careful "not [to] intimate . . . that the introduction of new evidence is required in such cases[;]" rather, "[a] district court may well conclude that the case can be properly resolved on the administrative record without the need to put the parties to additional delay and expense." Id. For example, "if the [extrinsic] evidence is cumulative of what was presented to the

6

plan administrator, or is simply better evidence than the claimant mustered for the claim review, the admission is not necessary." Id. at 1027. In sum, only "when circumstances clearly establish that additional evidence is necessary to conduct an adequate de novo review of the benefit decision" should a district court consider extrinsic evidence outside the administrative record. Id. at 1025.

Here, Zurich asserts that a deposition of Dr. Catanese is "necessary to further validate and clarify his findings[,]" Def.'s Mot. to Conduct Discovery ¶ 11, and "will assist both parties in clarifying the determinations [made] by Dr. Catanese," id. ¶ 12. Although Dr. Catanese's report is a relatively sparse two page document, it clearly sets forth his findings and rationale. Specifically, Dr. Catanese explained that, based upon his review of O'Dell's medical records, he believed (1) that O'Dell's back pain was not caused by the motor vehicle accident because tests conducted after the accident showed evidence of pre-existing spinal injuries but no evidence of new spinal injuries; (2) that the carpal tunnel syndrome on the right side of O'Dell's body was not caused by the motor vehicle accident because medical reports at the time of the accident indicated that O'Dell suffered only left-sided injuries; and (3) that there was no evidence that O'Dell's

7

dizziness and ringing of the ears was related to the motor vehicle accident. Admin. Rec. at 144-45.

These straightforward conclusions do not raise "complex medical questions," Quesinberry, 927 F.2d at 1026, and neither party has called Dr. Catanese's credibility into question. In sum, Zurich has failed to call to the court's attention any "exceptional circumstances" that warrant the consideration of additional evidence. Accordingly, the defendant's motion to conduct discovery is DENIED.

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: October 4, 2013

John T. Copenhaver, Jr.
United States District Judge